UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-11659 MER |
| LAKE LOVELAND DERMATOLOGY, P.C. ) | |
| EIN: 84-0825679 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION OF DEBTOR AND DEBTOR IN POSSESION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES AND SALARIES AND (B) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS

Debtor-in-Possession, Lake Loveland Dermatology, P.C. ("Debtor"), by and through its attorneys, Weinman & Associates, P.C., moves the Court for entry of an order authorizing: (a) payment of prepetition employee wages and salaries; and (b) payment of all costs and expenses incident to the foregoing payments, and as grounds therefor states as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on March 8, 2019 ("Petition Date"). The Debtor remains a Debtor-in-Possession.

2. The Debtor is a Colorado professional corporation engaged in business providing medical dermatology services through licensed doctors at its facility in Boulder, Colorado.

**Employee Payroll Obligation**

3. The Debtor currently employs 38 employees ("Employees").

4. As of the Petition Date, the Debtor owed its Employees approximately $80,820.00 in gross wages due prior to March 9, 2019 ("Employee Payroll Obligation"). The employees work in the Debtor's clinics located in Loveland, Greeley, Sterling, Estes Park, and Fort Collins, Colorado. The Employee Payroll Obligation is due to be paid to the Employees on March 15, 2019.

5. The Declaration of Tim Woodworth, as the Practice Administrator, of the Debtor supports this Application and is being filed contemporaneously.

6. The Debtor was unable to pay the Employee Payroll Obligation prior to filing its chapter 11 case. In order to maintain its business operations, the Debtor must pay its Employees.

7. The Debtor requests authority to pay, in its sole and absolute discretion, any pre-petition Employee Payroll Obligation and related liabilities, including employee and employer paid taxes.

8. The physicians who work for the Debtor are not included in this motion as they are all independent contractors and are paid pursuant to separate contracts with each of the doctors.

9. It is necessary for the Debtor to compensate the Employees. The continued and uninterrupted service of the Employees is essential to the Debtor's continued operations and restructuring efforts.

10. The Debtor seeks authority to pay the Employee Payroll Obligation because substantial delays in paying it will likely adversely affect the Debtor's relationship with its Employees. The Debtor maintains a number of Employees, with each of the Employees providing skilled services that are integral to the Debtor's provision of ongoing medical services. Employee support for the Debtor's reorganization efforts and continued employment is critical to the Debtor's success. The Debtor cannot afford substantial attrition in its workforce at this stage in its reorganization process.

11. Under Bankruptcy Code § 507(a)(4), each Employee may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $12,850 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the Debtor in the ordinary course of the Debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the Debtor.

11 U.S.C. § 507(a)(4).

12. The Employee Payroll Obligation totals approximately $80,820.00 spread among 38 employees, and the payments made to each of the Employees will be well below the $12,475 maximum for each Employee under 11 U.S.C. §507(a)(4). All of the Employee claims that the Debtor seeks to pay in the ordinary course of business are entitled to priority pursuant to Bankruptcy Code § 507(a)(4). Granting the relief sought herein with respect to claims entitled to

such priority would affect only timing, and not the amount, of the payment to be made to the Employees.

**Legal Authority**

13. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor seeks authority to pay its outstanding Employee Payroll Obligation and costs and expenses incident thereto (collectively as "Obligations"). Section 363(b)(1) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

14. The Employees rely on their wages and compensation to pay for the basic necessities of life, living expenses, food, and energy. Failure to pay the Employees will result in a substantial hardship to the Employees.

15. Retention of the Employees is vital to preserving the value of the Debtor's business. If the Debtor is not authorized to pay the Obligations to the Employees, it may not be able to retain all of its Employees. In such an event, the Debtor would have to locate, hire and train new skilled employees to replace any Employees who left, resulting in additional costs and expenses for the Debtor. Additionally, the Debtor would lose substantial business and patient revenue while they hire and train replacements.

16. Even if Employees remain with the Debtor, it will be difficult for the Debtor to maintain the morale and dedication of the Employees if the Debtor is not authorized to pay the Obligations, resulting in a decrease of business for the Debtor. Such a result would negatively affect the value of the Debtor's business and the Debtor's ability to successfully reorganize. The continued support of the Debtor's reorganization efforts by the Employees is critical. As such, it is in the best interests of the Debtor, creditors and the estate for the Debtor to be authorized pay the Obligations.

17. The Debtor will have sufficient funds on hand to pay the Obligations. Debtor's funds are not cash collateral as defined in 11 U.S.C. §363 as it has no secured creditors.

WHEREFORE, the Debtor prays that the Court make and enter an order authorizing the Debtor, in its sole discretion, to pay the Obligations to its Employees and related parties, including taxing authorities, that accrued but remained unpaid as of the Petition Date; and for such further

3

and additional relief to the Court may appear proper.

Dated: March 8, 2019											Respectfully submitted,

WEINMAN & ASSOCIATES, P.C.


By: */s/ Jeffrey A. Weinman*
      Jeffrey A. Weinman, #7605
      730 17th Street, Suite 240
      Denver, CO  80202-3506
      Telephone:  (303) 572-1010
      Facsimile: (303) 572-1011
      jweinman@weinmanpc.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 19-11659 MER
LAKE LOVELAND DERMATOLOGY, P.C. )
EIN: 84-0825679 ) Chapter 11
)
Debtor. )

**ORDER AUTHORZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES AND SALARIES; AND (B) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS**

This matter having come before the Court on the Motion of the Debtor above named, praying for entry of an order authorizing: (a) payment of prepetition employee wages and salaries; and (b) payment of all costs and expenses incident to the foregoing payments ("Motion"), having been provided on notice to creditors and parties in interest, and no objections having been received, the Court does hereby

ORDER that:

1. The Motion is GRANTED; and

2. The Debtor is authorized in its sole and absolute discretion, to pay the prepetition obligations described in the Motion that accrued but remained unpaid as of the Debtor's Petition Date to its employees and related parties, including taxing authorities.

Done and entered this _____ day of March, 2019 at Denver, Colorado.

_____
Judge
United States Bankruptcy Court